UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

TERQUISE DEMARCO BARNES,

    Plaintiff,

v.

KIMBERLY BUNNEL, ET AL.,

    Defendants.

Civil Action No. 5:23-180-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Terquise Demarco Barnes is confined at the Roederer Correctional Complex in LaGrange, Kentucky. Proceeding *pro se*, Barnes recently filed a civil rights complaint with this Court. [R. 1]. That pleading is now before the Court on initial screening pursuant to 28 U.S.C. § 1915A.

There are several problems with Barnes's filing in this action. To begin, Barnes has neither paid the $402.00 in filing and administrative fees nor moved for leave to proceed *in forma pauperis*. Thus, Barnes has not even properly initiated this matter.

Barnes's complaint is also unavailing. While Barnes's factual allegations are hard to track, he clearly objects to way in which one of his criminal cases proceeded in state court. [*See* R. 1]. Indeed, Barnes starts his pleading by citing *Commonwealth v. Barnes*, "No. 21-CR-00136-001" (Fayette Circuit Court 2021), and he names as defendants the trial judge presiding over that matter, as well as his public defender, and "Fayette County Court Officials." [*Id.* at 1-3]. Barnes then suggests that his constitutional rights were violated during the course of that state criminal case. [*See id.* at 12]. For relief, Barnes asks this Court to dismiss "every case thats [sic] got these names on it," and he seeks an unspecified amount of money damages. [*Id.* at 5].

The Court has reviewed Barnes's complaint but will dismiss his pleading for multiple independent reasons.  As an initial matter, Barnes's allegations are vague and difficult to follow, and, as drafted, his complaint simply fails to state a claim upon which relief may be granted against any of the named defendants.  *See* 28 U.S.C. § 1915A(b)(1).  Moreover, Barnes is trying to sue a state trial judge and other court employees, but such individuals are generally immune from suit.  *See Carlton v. Baird*, 72 F. App'x 367, 368-69 (6th Cir. 2003).  Barnes's claims against his public defender also fail because it appears that Barnes is simply objecting to the legal representation he received, and "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  And the extent that Barnes's complaint could somehow be construed as asserting one or more claims against Fayette County, Kentucky, he does not complain in any clear way about a specific county policy or custom, as required to state a claim against the county.  *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).[1]

In light of the foregoing analysis, it is **ORDERED** as follows:

1. Barnes's complaint [R. 1] is **DISMISSED** on initial screening pursuant to 28 U.S.C. § 1915A.

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

---

[1] The Court also takes judicial notice of the publicly available docket sheet in *Commonwealth v. Barnes*, No. 21-CR-00136-001 (Fayette Circuit Court 2021), the state criminal case at issue here, and notes that Barnes pled guilty to multiple charges in that case.  Since Barnes's allegations in this action would call into question the validity of those convictions, it appears his claims are also barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

This 23rd day of June, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY